IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>CHANDA LONG, BRITTANY BARRY,<br>KAYLA ROMSA, MURIEL BOWERY<br>and KIMBERLY JOHNSON,<br><br>Plaintiff-Intervenors<br><br>vs.<br><br>GMT, LLC, d/b/a Miracle Hill Golf and<br>Tennis Center<br><br>Defendant. | 8:11CV336<br><br>MEMORANDUM AND ORDER |

    This matter is before the court on the joint motion for a protective order filed by Defendant GMT, LLC d/b/a Miracle Hill Golf and Tennis Center ("Miracle Hill") and Plaintiff-Intervenors Chandra Long, Brittany Barry, Kayla Romsa, Muriel Bowery and Kimberly Johnson, (filing no. 24), and the motion for reconsideration, (filing no. 28), filed by Plaintiff Equal Employment Opportunity Commission ("EEOC"). For the reasons set forth below, the joint motion of the Defendant and Plaintiff-Intervenors is granted and the EEOC's motion for reconsideration is denied.

FACTUAL BACKGROUND

    The Equal Employment Opportunity Commission ("EEOC") filed this lawsuit against Miracle Hill on September 28, 2011. The EEOC alleges Miracle Hill engaged in sexual harassment against the Plaintiff-Intervenors, and it seeks a judgment "to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Chanda Long, Brittany Barry, Kayla Romsa, Muriel Bowery and Kimberly Johnson, and all similarly situated females who were adversely affected by such practices." Filing No.

1, at CM/ECF p.1.  The Plaintiff-Intervenors joined the lawsuit and filed their complaint on April 3, 2012.

On May 18, 2012, each of the parties at least minimally participated in mediation. Plaintiff-Intervenors and Miracle Hill reached an agreement and entered into a Confidential Settlement Agreement and Release (the "Agreement").  The EEOC was not a party to that settlement.

The EEOC served a discovery request upon Miracle Hill.  Miracle Hill asserts the Agreement is responsive to some of those requests, but it will not produce the Agreement without a protective order.  The EEOC objects to the entry of a protective order, asserting that the Agreement is not relevant and the EEOC does not want to see or review it.

Miracle Hill and Plaintiff-Intervenors filed a joint motion for a protective order. In support of their motion, they submitted a copy of the Agreement, but requested that the court allow the Agreement and the supporting brief be filed under seal.  Filing Nos. 23 & 24.  The court granted the motion to seal.  Filing No. 27.  In addition to opposing the motion for protective order, the EEOC has requested that the court reconsider its decision to seal the Agreement and brief in support of the motion for protective order.

LEGAL ANALYSIS

**I.**.  **Motion for Protective Order**

A court will enter an order protecting a party from certain types of discovery only upon a showing of good cause.  See Fed. R. Civ. P. 26(c).  The party seeking the protective order bears the burden of demonstrating the existence of good cause for the entry of such an order.  See Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket

Matter No. 2, 197 F.3d 922, 926 (8th Cir. 1999). A showing of "good cause" requires "a particular and specific demonstration of fact, as distinguished from . . . conclusory statements." Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n. 16 (1981) (quoting 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035, p. 265 (1970)); Miscellaneous Docket Matter, 197 F.3d at 926. Thus, the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted. See Frideres v. Schiltz, 150 F.R.D. 153, 156 (S.D.Iowa 1993).

A determination of whether "good cause" for a protective order exists "must also include a consideration of the relative hardship to the non-moving party should the protective order be granted." General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir.1973) (citing United States v. Kordel, 397 U.S. 1, 4-5 (1970)). The court has broad discretion in determining whether a protective order is warranted and the degree of protection required. Roberts v. Shawnee Mission Ford, Inc., 352 F.3d 358, 362 (8th Cir.2003). One accepted use of that discretion is the entry of protective orders to maintain the secrecy of confidential settlement agreements. See Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1212 (9th Cir. 2002); deBarros v. Walmart Stores, --- F. Supp. 2d ---, ---, 2012 WL 787239 *4 (D. Or. 2012; see also Daniels v. Bursey, case no. 03c1550, 2006 WL 468015 *4 (N.D. Ill. Feb. 23, 2006)(strong public policy favoring settlement of claims was "good cause" to issue protective order for a confidential settlement agreement).

In this case, Miracle Hill and Plaintiff-Intervenors assert a protective order is necessary because the Agreement is responsive to the EEOC's discovery requests but the terms of the Agreement require that it remain confidential. The EEOC asserts a protective order is not necessary because, despite having never seen the Agreement, the EEOC knows the Agreement is not relevant and should not be produced at all.

The EEOC's argument is not well founded. The EEOC served discovery on Miracle Hill and requested information and documents, including any documents or information Miracle Hill intends to rely upon in its defense of the claims brought by the EEOC. Miracle Hill identified the Agreement as one of the documents it may present as a part of its defense. Having never seen the terms of the Agreement, the EEOC is not in the position to argue that the Agreement is not relevant to Miracle Hill's defense. Moreover, the EEOC's suggestion that any compensation or other recovery the Plaintiff-Intervenors received as part of a settlement has no bearing at all on this case – one which the EEOC is bringing on behalf of the Plaintiff-Intervenors – strikes the court as flawed. The mere fact that the EEOC does not wish to see the Agreement does not make it irrelevant or non-responsive to their discovery requests.

Miracle Hill and the Plaintiff-Intervenors have submitted the Agreement for an <u>in camera</u> review, which the court has now completed. The very terms of the Agreement demonstrate that Miracle Hill and Plaintiff-Intervenors will suffer specific harm if the terms of the Agreement are not kept confidential, including the potential collapse or nullification of the Agreement in its entirety. Thus, they have provided the necessary "good cause" to demonstrate the need for a protective order. Conversely, the EEOC has provided very little, if any, evidence that it will experience any hardship by entering a protective order and keeping the terms of the Agreement confidential. Accordingly, the court finds a protective order is an appropriate remedy to maintain the confidentiality of the Agreement.

## II. **Motion for Reconsideration**

Plaintiff EEOC also asks the court to reconsider its order granting Miracle Hill and Plaintiff-Intervenors permission to file their brief and evidence in support of their joint motion for protective order (including the Agreement) under seal.

A court has supervisory power over its own records, and the decision to seal a file is within the court's discretion. See Webster Groves Sch. Dist. v. Pulitzer Publishing Co., 898 F.2d 1371, 1376 (8th Cir. 1990). "The district court may in appropriate cases seal documents or deposition testimony to ensure that they will be used only for judicial purposes and will not be disseminated." Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000). Courts generally acknowledge two sources of the public's right to access documents filed with the Federal courts: (1) the First Amendment and (2) a common-law right. However, these rights generally only apply to "judicial documents and records." See Stone v. University of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988). Simply filing a document with the court does not convert it to a "judicial document." United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995). For instance, documents filed with discovery motions are generally not considered "judicial documents" and are not subject to the public right of access. Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1312 (11th Cir. 2001)(common-law right of access did not apply to documents submitted in support of discovery motions). See also Stone, 855 F.2d at 181-82 (noting the limitation of the First Amendment right to public access in civil cases to documents submitted in support of a motion for summary judgment) .

The EEOC argues that the motion to seal should not have been granted for two reasons. First, it argues that the First Amendment requires disclosure of documents filed with the federal court absent a compelling government interest to keep the documents under seal. Second, the EEOC asserts that even if the First Amendment does not mandate unsealing the documents, a common-law right to public access exists which also weighs in favor of unsealing the Agreement. These arguments are premature.

The Agreement has been submitted by Defendants in support of a motion for protective order. This is a non-dispositive discovery motion and the right of public

5

access does not attach under either the First Amendment or the common-law right of access. Chicago Tribune Co., 263 F.3d at 1312 . As discussed above, Defendant has shown good cause for withholding public access to the Agreement. At this stage in the litigation, a good cause showing is sufficient justification for keeping the Agreement under seal.[1] See Id. (noting the public right to access standard of discovery materials is identical to the "good cause" standard for issuing a protective order under Fed. R. Civ. P. 26(c)).

IT IS ORDERED:

1) The motion for protective order filed by the Plaintiff-Intervenors and the Defendant, (filing no. 24), is granted. The parties shall confer and attempt in good faith to stipulate to the terms of a protective order and submit the proposed order to this court by July 27, 2012 for approval. Absent an agreement by the parties, the court will enter a protective order consistent with the practices of this district.

2) Plaintiff's motion for reconsideration, (filing no. 28), is denied.

July 11, 2012.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

---

[1] Once a protective order is entered, a less restrictive method of filing, such as "restricted access" may be appropriate.