## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **CHANDA LONG, BRITTANY BARRY, KAYLA ROMSA, MURIEL BOWERY, and KIMBERLY JOHNSON,** | ) ) ) ) ) | **CIVIL ACTION NO:** |
| **Plaintiff-Interveners,** | ) | **8:11-CV-00336 WKU-CRZ** |
| | ) ) | |
| **v.** | ) ) | |
| **GMT, LLC d/b/a MIRACLE HILL GOLF AND TENNIS CENTER,** | ) ) ) | |
| **Defendant.** | ) | |

## AGREED PROTECTIVE ORDER

On joint motion of the parties, pursuant to Fed.R.Civ.P. 26(c) and on a showing that such an Order is needed to expedite and facilitate discovery and to prevent unwarranted disclosure of confidential or proprietary information, the Court orders the following:

1.      This Order shall govern confidential documents and other materials produced and information disclosed, during the course of discovery or pretrial procedures, by any party to this action.

2.      For the purposes of this Order, the following information may be designated as confidential:

(A)    Health records or other Protected Health Information of Charging Party;
(B)    Financial records of any party, such as income tax returns and/or pay stubs;
(C)    Records and testimony relating to Conciliation of the underlying charge;
(D)    Confidential personnel information of Defendant's employees or former employees; and
(E)    Trade secrets, proprietary information and customer records of Defendant

The above documents and information shall be referred to herein as "Confidential Information."

3.      Any party may, in good faith, designate the information above described as "Confidential Information" by marking the legend "Confidential" on documents produced pursuant to discovery. Notwithstanding the absence of a "Confidential" marking, the Parties shall treat records that clearly fall within these categories as "Confidential Information."

4.      Counsel for the parties shall be responsible for assuring that access to Confidential Information shall be permitted only to:

(A)     Counsel of record, staff of counsel assisting counsel on this litigation;
(B)     Those officers and employees of the Parties who are assisting in the litigation;
(C)     Outside consultants or experts who are retained to assist the parties in the litigation;
(D)     The Court, in camera, and to its staff and court reporters;
(E)     Deposition court reporters and their staff;
(F)     Actual witnesses deposed and prospective trial witnesses, to the extent the Confidential Information may reasonably be believed to relate to their testimony;
(G)     The Charging Party; and
(H)     Others permitted by Order of this Court.

No person having access to any Confidential Information shall disclose in any manner its contents to any person other than those described in this paragraph.  No such disclosures shall be made for any purposes other than specified in this Order.

5.      If a Party intends to file Confidential Information of the opposing side with the Court that Party shall provide reasonable notice to the opposing side of such intent as soon as practicable prior to the filing. A Party to this action may, at any time, move jointly or separately and, upon showing of compelling reason and need, request an Order that Confidential Information filed with the Court be filed under seal to protect the confidential nature of such material.

6.      In order to insure compliance with paragraph 4, counsel for the parties agree that prior to disclosing any Confidential Information to any source, they will provide such person with a copy of this Agreed Protective Order, and with the exception of the Court, Counsel of record and Court reporters  and their staff, will have such person acknowledge in writing, using the Form attached hereto as Attachment A, that they have

2

received and read a copy of this Agreed Protective Order and understand that they are bound thereby.

7.      The parties may by mutual agreement in writing waive any of the terms of this Order.  Nothing in this Order shall prevent a party from seeking additional protection as to information deemed confidential.  Any party may apply to the Court for a ruling that discovery material designated as confidential is not in fact entitled to confidential treatment.

8.      The terms of the Stipulated Protective Order shall survive and remain in full force and effect after the termination of this proceeding.


SO ORDERED THIS _27th_ DAY OF _July_ 2012.



Cheryl R Zwart
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| CHANDA LONG, BRITTANY BARRY, KAYLA ROMSA, MURIEL BOWERY, and KIMBERLY JOHNSON, | ) ) ) ) | |
| Plaintiff-Interveners, | ) ) | **CIVIL ACTION NO:** **8:11-CV-00336** WKU-CRZ |
| v. | ) ) ) | |
| GMT, LLC d/b/a MIRACLE HILL GOLF AND TENNIS CENTER, | ) ) ) | |
| Defendant. | ) | |

**ATTACHMENT A TO PROTECTIVE ORDER GOVERNING THE EXCHANGE AND PROTECTION OF CONFIDENTIAL INFORMATION**

I hereby certify that I have carefully read the Agreed Order Governing the Exchange and Protection of Confidential Information in the above-captioned case and that I fully understand the Order's terms. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms.

Dated this _____ day of _____ 20_____.

Signature: _____

Name: _____

Affiliation: _____

Address: _____

4