IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | 8:11CV336 |
| v. | ) ) | |
| GMT, LLC, | ) ) | MEMORANDUM AND ORDER ON JOINT MOTION FOR DISMISSAL WITH |
| Defendant. | ) ) ) | PREJUDICE |

The plaintiff intervenors Chanda Long, Brittany Barry, Kayla Romsa, Muriel Bowery, and Kimberly Johnson, and the defendant GMT, LLC, d/b/a Miracle Hill Golf and Tennis Center (GMT), have filed a "Joint Motion for Dismissal with Prejudice." (ECF No. 41.) The plaintiff intervenors' and the defendant's joint motion will be granted.

## I.   BACKGROUND

On September 28, 2011, the Equal Employment Opportunity Commission (EEOC) filed a complaint alleging that GMT subjected Long, Barry, Romsa, Bowery, Johnson, and "other similarly situated females" to sexual harassment in violation of Section 703(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a). (See Compl., ECF No. 1.) GMT filed an answer to the complaint on December 28, 2011. (See Answer, ECF No. 7.)

On January 23, 2012, Long, Barry, Romsa, Bowery, and Johnson filed a motion to intervene in this action. (See ECF No. 9.) Their motion was granted, (see ECF No. 14), and on April 3, 2012, they filed a complaint in intervention against GMT, (see ECF No. 19). GMT filed an answer to the complaint in intervention on April 24, 2012. (See ECF No. 20.)

On August 7, 2012, the plaintiff intervenors and GMT filed the instant joint motion for dismissal. (ECF No. 41.) In pertinent part, the joint motion states,

Plaintiff Intervenors and Defendant have entered into a Confidential Settlement Agreement and Release that settles the disputes between them and agree that all

1

claims and causes of action that Plaintiff Intervenors alleged or could have alleged against Defendant in this action and that all claims and causes of action that Defendant alleged or could have alleged against Plaintiff Intervenors in this action should be dismissed, with prejudice to refiling same, with each party to bear their own attorneys' fees and costs.  Plaintiff EEOC refused to stipulate to a dismissal so this Motion is filed as required by Fed. R. Civ. P. 41(a)(1)(A)(ii).

Plaintiff EEOC will not be prejudiced by this dismissal.

Plaintiff Intervenors and Defendants seek a dismissal with prejudice.

(Id. at 1-2.)  The EEOC has not filed a response to the joint motion to dismiss.

## II.   STANDARD OF REVIEW

"Federal Rule of Civil Procedure 41(a) provides for the voluntary dismissal of actions at the plaintiff's request."  Jaramillo v. Burkhart, 59 F.3d 78, 79 (8th Cir. 1995).  Where, as here, the defendant has already served an answer and all of the parties who have appeared have not signed a stipulation of dismissal, the plaintiff must seek an order of voluntary dismissal under Rule 41(a)(2). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side."  Paulucci v. City of Duluth, 826 F.2d 780, 782 (8th Cir. 1987).  When determining whether to grant a Rule 41(a)(2) motion, a court should consider the plaintiff's explanation for the need to take a dismissal, the effort and expense put forth by the defendant in preparing for trial, whether there has been excessive delay and a lack of diligence on the part of the plaintiff in prosecuting the case, and whether the defendant has filed a motion for summary judgment.  Id. at 783.  See also Wizman v. Gross, 148 F.3d 988, 992 (8th Cir. 1998).  District courts routinely impose conditions when granting dismissals under Rule 41(a)(2), see, e.g., Belle-Midwest, Inc. v. Missouri Property & Casualty Insurance Guarantee Association, 56 F.3d 977, 978-79 (8th Cir. 1995), and unless the district court's order specifies otherwise, the dismissal is without prejudice, see Fed. R. Civ. P. 41(a)(2);  Jaramillo, 59 F.3d at 79.

2

### III.    ANALYSIS

After due consideration, I find that the joint motion for dismissal should be granted in accordance with the terms specified in the motion.  Specifically, the complaint in intervention will be dismissed with prejudice, and the plaintiff intervenors and GMT shall each bear their own attorneys' fees and costs.  To be clear, the EEOC's complaint, (ECF No. 1), is not dismissed, and this action will proceed on that complaint.

In accordance with Federal Rule of Civil Procedure 54(b), "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  In light of the settlement between the plaintiff intervenors and GMT, I find that there is no just reason for delaying the entry of a final judgment as to those parties.

**IT IS ORDERED** that the plaintiff intervenors' and the defendant's joint motion for dismissal with prejudice, (ECF No. 41), is granted; the complaint in intervention, (ECF No. 19), is dismissed with prejudice; and the plaintiff intervenors and the defendants shall each bear their own attorneys' fees and costs.

Dated September 4, 2012.

BY THE COURT

_Warren K. Urbom_

Warren K. Urbom
United States Senior District Judge

3