IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| CHANDA LONG, BRITTANY BARRY, KAYLA ROMSA, MURIEL BOWERY And KIMBERLY JOHNSON, | ) ) ) ) |
| Plaintiff Intervenors | ) ) ) | 
| v. | ) ) ) ) |
| GMT, LLC d/b/a MIRACLE HILL GOLF AND TENNIS CENTER Defendants. | ) ) ) ) |

CIVIL ACTION NO:
8:11-CV-00336 WKU-CRZ

## CONSENT DECREE
### Introduction

Plaintiff Equal Employment Opportunity Commission (hereinafter the "Commission") has instituted this action alleging that GMT, LLC, (hereinafter "Defendant") discriminated against Chanda Long, Brittany Barry, Kayla Romsa, Muriel Bowery, and Kimberly Johnson in violation of Title VII by subjecting them to sexual harassment in the workplace. Defendant denies the allegations of the Commission in this lawsuit. Chanda Long, Brittany Barry, Kayla Romsa, Muriel Bowery, and Kimberly Johnson have intervened in the lawsuit and raised the same claims as the EEOC. Interveners subsequently withdrew their claims. For purposes of settlement and compromise only, the parties have advised the Court that they wish to resolve the instant controversy without the expense, delay, and burden of further litigation. In entering into this Consent Decree (the "Decree"), the parties want to conclude finally and fully all claims

arising out of the charges of discrimination filed with the Commission by Plaintiff-Intervenors and this action filed by the Commission.

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties and the subject matter of this action, (ii) the requirements of the Title VII will be carried out by the implementation of this Decree, and (iii) this Decree is intended to and does resolve all matters in controversy in this lawsuit among the parties, and (iv) the terms of this Decree constitute a fair and equitable settlement of all issues in this lawsuit.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** as follows:

### I. General Provisions

A. This Decree, being entered with the consent of the parties for purposes of settlement, shall not constitute adjudication on the merits of this lawsuit and shall not be construed as an admission by Defendant with respect to the allegations, claims or defenses in this case.

B. Nothing in this Decree shall be admissible in any other judicial or administrative proceeding for any purpose except to enforce the terms of this Decree.

C. Defendant agrees to comply with all of its obligations under federal and state law with respect to discrimination, harassment and retaliation in the workplace including, but not limited to, obligations under Title VII.

D. Defendant shall not discriminate against its employees with respect to hiring, promotion, firing, compensation, scheduling or other terms, conditions or privileges of employment because of sex.

E. Defendant shall not discriminate or retaliate against any person because he or she: (a) has opposed any practices alleged in this lawsuit as unlawful under Title VII; (b) has participated in any investigation conducted under Title VII connected with or leading up to this lawsuit; or (c) has participated in this lawsuit.

## II.     Policies and Training

A. Following the filing of this lawsuit, Defendant adopted an employment policy prohibiting discrimination and harassment consistent with its obligations under federal and state law. Defendant further disseminated the policy to all employees and posted the policy at its facility in a location frequented by employees and where such notices are customarily posted.

B. Following the filing of this lawsuit, Defendant provided in-person training to all employees by an outside reputable trainer on discrimination, harassment and retaliation. Defendant further provided specialized in-person training on discrimination, harassment and retaliation to supervisors and managers including their obligations under Title VII. Defendant agrees that Defendant will provide the same or similar training on an annual basis to all employees, managers and supervisors during the two (2) year term of this Decree. Defendant further agrees to implement an ongoing training program where the same or similar training will be provided on an annual basis after the expiration of this Decree.

C. Within thirty (30) days of the completion of such training, Defendant shall provide in writing confirmation to the EEOC Regional Attorney, c/o Dayna F. Deck, Senior Trial Attorney, Equal Employment Opportunity Commission, 400 State Ave., Suite 905, Kansas City, KS 66101, of its compliance with the requirements of Paragraph II (B), including the actual dates of such training and the names and positions of all persons who attended the training.

### III. Reporting, Record keeping and Access.

A. Within six (6) months of the effective date of this Decree, and every six (6) months thereafter during the two-year term of this Decree, Defendant shall provide a written report to the EEOC Regional Attorney, c/o Dayna F. Deck, Trial Attorney, Equal Employment Opportunity Commission, 400 State Ave., Suite 905, Kansas City, KS 66101, providing the following information:

    1. the identity (name, address and phone number) of any person who had made a sexual harassment complaint and what actions, if any, Defendant took in response to any complaint concerning sexual harassment,

    2. whether Defendant transferred the employee from her/his position, changed her/his duties, demoted her/him, terminated her/him, and/or failed to hire or retain her/him;

    3. the reason(s) for Defendant's actions and the date(s) of such action;

    4. name and position title of any and all persons who received any complaint for sexual harassment, participated in any investigation of such complaint, and/or recommended or determined the resolution of complaint;

    5. copies of any and all documents concerning any investigation of such complaint, including but not limited to, copies of written complaints and investigation notes.

Nothing herein, however, shall require Defendant to disclose communications and information that would otherwise be protected from disclosure by the attorney-work product or attorney-client privileges.

B.  Defendant agrees the attached notice (Exhibit 1) will be posted at the facility where bulletins and notices are customarily posted for employees and applicants for employment for the duration of this Decree.

C.  Defendant agrees that if Jerry Wilke returns to work at Miracle Hill, he will remain under the terms of the agreement executed with Miracle Hill in June 2012.

## IV.    Monitoring Provisions

A.  Within thirty (30) days of the entry of this Decree, Defendant shall prepare and submit to the EEOC's Regional Attorney, c/o Dayna F. Deck, Trial Attorney, Equal Employment Opportunity Commission, 400 State Ave., Suite 905, Kansas City, KS 66101, a letter indicating as follows:    That Exhibit 1 has been posted as required by this Decree.

B.  Defendant agrees that, during the term of this Decree, Defendant shall allow the Commission, if requested, to review Defendant's compliance with this Decree by conducting two (2) annual on-site visits at Defendant's premises during the term of the Decree to interview employees and management officials regarding Defendant's compliance. The Commission agrees that, absent cause, such on-site visit shall be conducted between October 1 and April 1 of each year of the Decree. Any interviews shall take place at a private location on premises to be determined by Defendant. Such on-site visit shall be initiated by written notice to Defendant's attorney of record, Julie A. Springer at Weisbart Springer Hayes, LLP, at least ten (10) business days in advance of any requested visit. Defendant's attorney shall have the right to be present with all management and supervisory officials during the Commission interviews and to be present on premises during the entirety of the on-site visit. If the Commission desires to inspect documents and records during the on-site visit, the Commission shall provide a written request for such documents and records at the time of the request for the on-site visit.

### VI. Term and Effect of Decree

A. The term of this Decree shall be two (2) years. Upon the Court's execution and entry of this Decree, this case shall be dismissed with prejudice. However, this Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Decree and for any other appropriate or equitable purposes, for the term of this Decree.

B. This Decree in no way affects the Commission's right to process any pending or future charges that may be filed against Defendant in accordance with standard Commission procedures; provided, however, that this Decree fully and finally resolves the charges filed by the Plaintiff-Intervenors with the Commission and prohibits the Commission from pursuing any further relief, equitable or monetary, on behalf of Plaintiff-Intervenors or any similarly situated women based on the charges filed by Plaintiff-Intervenors. By entering into this Decree, the parties do not intend to resolve any charges of discrimination currently pending before the Commission other than the charges that created the procedural foundation for the complaint in this case.

C. This Decree shall be binding upon the parties hereto, their successors and assigns. Defendant shall affirmatively notify any purchasers of the obligations of this Decree prior to any sale which may take place.

D. The Court shall retain jurisdiction of this cause for purposes of compliance and enforcement.

E. Each party shall bear its own fees and costs.

DATE: September 24, 2012         s/ Warren K. Urbom
                                 UNITED STATES DISTRICT JUDGE

BY CONSENT:

| FOR DEFENDANT: | FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
|---|---|
| /s/ Julie A Springer | /s/ Dayna F. Deck |
| Julie A. Springer | Dayna F. Deck |
| Texas Bar No. 18966770 | Senior Trial Attorney |
| WEISBART SPRINGER HAYES, LLP | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
| 212 Lavaca Street, Suite 200 | Kansas City District Office |
| Austin, Texas 78701 | 400 State Ave., Suite 905 |
| (512) 652-5780 | Kansas City, KS 66101 |
| (512) 682-2074 (fax) | 913-551-5848(voice) |
| Email: jspringer@wshllp.com | 913-551-6957(fax) |
| | Email: dayna.deck@eeoc.gov |

**EXHIBIT 1**

## NOTICE TO EMPLOYEES

Federal law makes it illegal to treat any worker differently because of your
RACE

NATIONAL ORIGIN

COLOR

RELIGION

SEX
INCLUDING PREGNANCY AND SEXUAL HARASSMENT

DISABILITY

GENETIC INFORMATION

OR AGE (40 AND OVER)

Your employer cannot treat you differently because of your race, sex, age, disability, genetic information, color, national origin, or religion, in hiring, firing, promotion, pay, or any other terms of employment.

Federal law also says your manager, supervisor or employer cannot treat you differently because you have filed a complaint of discrimination or opposed practices you believe are unlawful or that treat employees differently on the basis of race, national origin, color, religion, sex, disability, genetic information, or age (forty and over). If you have filed charges with the EEOC or participated in or cooperated with an EEOC investigation, the employer may not take action against you because of your participation or cooperation.

_____
Miracle Hill Golf & Tennis Center
Authorized Agent